**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ALI MUHAMMAD,**

                                        **Petitioner,**

   **vs.**                                                    **9:23-CV-440**
                                                                 **(MAD/MJK)**

**AMY LAMANNA,**

                                        **Respondent.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**ALI MUHAMMAD**
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
Petitioner, *Pro se*

**OFFICE OF THE NEW YORK STATE**         **PRISCILLA I. STEWARD, AAG**
**ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Petitioner Ali Muhammad seeks federal habeas relief pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. On April 12, 2023, the Court administratively closed the action for Petitioner's failure to properly commence it. *See* Dkt. No. 3 at 1. Petitioner was provided thirty days to either (1) pay the court's filing fee of five dollars; or (2) submit a completed, signed, and properly certified application to proceed in forma pauperis ("IFP"). *See id.* at 2. On April 26, 2023, the

1

Court received a properly certified IFP application, and the action was reopened. *See* Dkt. No. 4; Dkt. No. 5; Dkt. No. 6.

On May 17, 2023, the Court noted that Petitioner's claims appeared to be unexhausted and, as to some claims, procedurally defaulted. *See* Dkt. No. 7. Accordingly, the Court ordered Petitioner to "file an affirmation clarifying the identified exhaustion issues and providing the Court with information including any cause for his failure to exhaust any of his claims and what, if any, prejudice he has suffered." *Id.* at 1. Petitioner filed an affirmation, as directed by the Court. *See* Dkt. No. 10. On June 22, 2023, the Court ordered that Respondent Amy Lamanna answer the petition. *See* Dkt. No. 11. Respondent answered the petition on November 2, 2023, opposing the requested relief. *See* Dkt. No. 18; Dkt. No. 19. Petitioner filed a reply in support of the petition. *See* Dkt. No. 30.

On February 27, 2026, Magistrate Judge Mitchell J. Katz issued a Report-Recommendation and Order ("R&R"), recommending that the petition be denied and dismissed as procedurally barred. *See* Dkt. No. 37. On May 6, 2026, Petitioner filed objections to the R&R, *see* Dkt. No. 40, and, on May 20, 2026, Respondent responded in opposition to Petitioner's objections, *see* Dkt. No. 41.

For the reasons that follow, the Court adopts the R&R in its entirety.

## II. BACKGROUND

Neither party challenges Magistrate Judge Katz's recitation of the facts in the R&R. *See* Dkt. No. 37 at 2-7. The Court finds no clear error in that recitation; therefore, the Court incorporates the "Relevant Background" section of the R&R into this Memorandum-Decision and Order. *See id.*; *see also Nyarko v. M&A Projects Restoration Inc.*, No. 1:18-CV-05194, 2021 WL

2

4472618, *1 (E.D.N.Y. Sept. 30, 2021) (citing *J.E. ex rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 525 (E.D.N.Y. 2012)) (additional citation omitted).

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[i]f a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment). In other words, "'[a] plaintiff is deemed to have [forfeited] an objection to a magistrate judge's report if he does not present his claims to the district court.'" *Id.* (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)).

A proper objection must be both timely and specific. *See id.* "'[A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Id.* (quoting *Martin*, 858 F.3d at 245). A party does not properly raise a specific objection by "'[m]erely referring the court to previously filed papers or arguments,'" *id.* (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)), or asserting "new arguments not previously made before the magistrate judge[,]" *id.* (citations omitted); *see Bus. for a Better N.Y. v. Angello*, 341 Fed. Appx. 701, 706 (2d Cir. 2009) (summary order) (noting that a court need not consider arguments "raised for the first time in the objections to the report and recommendation").

"When performing . . . a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Taylor v. Astrue*,

32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012) (citation and footnote omitted).

After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has stated that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.    The Petition and the R&R**

Petitioner contends that he is entitled to federal habeas relief because (1) the trial court erred when it denied Petitioner's trial counsel's request for a missing witness charge; (2) Petitioner's Fourth Amendment rights were violated when he was subjected to an illegal search and seizure at his residence on December 20, 2017; (3) the trial court erred in allowing law enforcement officers to identify petitioner based on surveillance videos; and (4) one of the trial witnesses, who Petitioner later discovered was testifying for the prosecution pursuant to a cooperation agreement, lied under oath and told the jury that he was receiving no benefit in exchange for his testimony. *See* Dkt. No. 1 at 5-11.

Magistrate Judge Katz recommends denial and dismissal of the petition because all of Petitioner's habeas claims are unexhausted and procedurally defaulted, as he failed to assert them on direct appeal. *See* Dkt. No. 37 at 8-18.

**C.    Exhaustion and Procedural Default**

Magistrate Judge Katz first recommends that this Court find all four of Petitioner's claims

4

to be unexhausted because he failed to provide the state courts the opportunity to resolve the constitutional issues raised. *See* Dkt. No. 37 at 8-12. And, based upon a finding that the claims are unexhausted, Magistrate Judge Katz recommends that this Court find the claims to be procedurally defaulted. *See id.* at 12-14.

Petitioner does not object to a finding of failure to exhaust and procedural default. *See* Dkt. No. 40. Indeed, Petitioner explicitly concedes that his habeas claims are procedurally defaulted because he failed to raise them in the state courts. *See id.* at 1. As Petitioner does not object to this portion of the R&R, the Court will review it for clear error.

In recommending that this Court find Petitioner's claims are unexhausted and procedurally defaulted, Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. *See* Dkt. No. 37 at 8-14. As the R&R explains, *see id.* at 8-10, prior to seeking federal habeas relief, a petitioner must exhaust available state remedies or establish either an absence of available state remedies or that such remedies cannot adequately protect his rights. *See Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (citing 28 U.S.C. § 2254(b)(1)). Magistrate Judge Katz explained further that "'[w]hen a "petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the federal habeas court should consider the claim to be procedurally defaulted.'" Dkt. No. 37 at 12 (quoting *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008)).

The Court agrees with Magistrate Judge Katz. All four claims in the petition are unexhausted and procedurally barred because: (1) all of the present claims are based on the record before the state courts; (2) none of these claims were included in Petitioner's direct appeal in the state courts; (3) Petitioner completed the one round of appellate review to which he was entitled;

5

and (4) Petitioner cannot exhaust his four claims through subsequent collateral attack because such post-judgment motions cannot serve as a substitute for a direct appeal. *See id.* at 13-14.

The Court discerns no clear error in this portion of the R&R, especially in light of Petitioner's concessions. Accordingly, the Court adopts Magistrate Judge Katz's recommendation that this Court find Petitioner's claims procedurally defaulted.

**D.      Cause and Prejudice or Actual Innocence**

As Magistrate Judge Katz further explains, when a petitioner procedurally defaults on his federal habeas claims, the petition must be dismissed unless either the cause and prejudice exception or the actual innocence exception applies. *See* Dkt. No. 37 at 14. Petitioner contends that he did not raise his habeas claims on direct appeal because his counsel refused to do so. *See* Dkt. No. 40 at 2. Additionally, throughout his submissions, Petitioner argues that he is actually innocent and that his trial and appellate counsel failed to adequately investigate his claims of innocence.[1] *See id.*; Dkt. No. 30 at 4.

"'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'" *Clark*, 510 F.3d at 393 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012) (discussing actual innocence exception).

Magistrate Judge Katz recommends that this Court find neither exception excuses Petitioner's procedural default. *See* Dkt. No. 37 at 14-18. In his objections to the R&R, Petitioner argues that the default should be excused because (1) it took three years for Petitioner to obtain a

---

[1]  Petitioner does not bring a habeas claim for ineffective assistance of counsel. *See generally* Dkt. No. 1. His arguments regarding his counsels' performance are made in the context of whether an exception to Petitioner's procedural default is applicable. *See generally* Dkt. No. 40.

6

copy of the trial transcript; (2) Petitioner's personal copy of his file had been either lost during transfers between correctional facilities or destroyed by corrections officer; and (3) he is actually innocent and his trial counsel was ineffective for failing to adequately investigate his claims of innocence. *See* Dkt. No. 40 at 2-3. Petitioner's specific objections trigger *de novo* review of this portion of the R&R.

### 1. Cause and Prejudice

"Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice exists if there is a 'reasonable probability' that the result of the proceeding would have been different absent the alleged constitutional violation." *Walley v. Lamanna*, No. 9:22-CV-0308, 2025 WL 2711567, *5 (N.D.N.Y. Apr. 2, 2025), *R. & R. adopted*, 2025 WL 2710765 (N.D.N.Y. Sept. 23, 2025) (quoting *Stickler v. Greene*, 527 U.S. 263, 289 (1999)).

In certain circumstances, constitutionally ineffective assistance of counsel can establish "cause" sufficient to overcome procedural default. *See Murray*, 477 U.S. at 488 ("Ineffective assistance of counsel, then, is cause for a procedural default"). Generally, to prevail on an ineffective-assistance-of-counsel claim, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). However, ineffective assistance of counsel "must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citation omitted).

Here, there is nothing in the record to indicate that Petitioner raised an ineffective assistance of counsel claim in state court.  Therefore, after carefully engaging in *de novo* review, the Court agrees with Magistrate Judge Katz that Petitioner cannot excuse his default on the basis of alleged ineffective assistance of counsel.  *See* Dkt. No. 37 at 15.[2]

Additionally, Petitioner's arguments that it took three years to obtain a copy of the trial transcript and that Petitioner's personal copy of the file had been either lost or destroyed fail to establish cause for his default.  Petitioner was expressly given the opportunity to "provid[e] the Court with information including any cause for his failure to exhaust any of his claims and what, if any, prejudice he has suffered."  Dkt. No. 7 at 1.  Petitioner submitted an affirmation regarding the exhaustion issue; however, Petitioner's affirmation contains no further argument regarding why he failed to raise his current claims in the state courts.  *See generally* Dkt. No. 8.  The first mention of the file-related arguments as an excuse for procedural default appears to be in Petitioner's objections to the R&R.  *See* Dkt. No. 40.  The Court need not consider Petitioner's arguments that were not raised before Magistrate Judge Katz.  *See Nambiar*, 158 F.4th at 359; *Bus. for a Better N.Y.*, 341 Fed. Appx. at 706.

Nevertheless, even if the Court were to consider the file-related arguments, Petitioner has failed to show how his purported inability to access his file of the state court proceedings caused his failure to brief his current claims during his direct appeal.  As Respondent correctly notes,

---

[2]  The R&R states that "[i]n this case, [Petitioner] has not ever alleged that his counsel was ineffective."  Dkt. No. 37 at 15.  It is true that Petitioner does not use the term "ineffective assistance of counsel" in his filings.  Throughout the petition, Petitioner alleges that his trial and/or appellate counsel failed to make certain arguments or "investigate" Petitioner's claims.  Dkt. No. 1 at 5-10.  However, all four of the claims presently before this Court take issue with trial court rulings, not necessarily the representation provided.  *See id.*  In any event, Petitioner concedes his procedural default and Magistrate Judge Katz correctly determined that Petitioner is unable to rely upon ineffective assistance to establish cause.

"Petitioner, who was represented by counsel on appeal, has not claimed that appellate counsel did not possess [P]etitioner's case file during the appeal." Dkt. No. 41 at 2. Moreover, it is clear from the record that Petitioner's trial court proceedings concluded in October 2018, *see* Dkt. No. 37 at 6, and the Appellate Division did not issue its decision affirming Petitioner's conviction until April 22, 2022, *see People v. Muhammad*, 204 A.D.3d 1402 (2022). Thus, even if there was a delay in Petitioner's receipt of trial court transcripts, he ostensibly received them before his appeal was decided. Despite multiple opportunities to do so, Petitioner offers no information about how his inability to access his personal copy of the file at certain times impeded his ability to raise his present claims in state court. *See generally* Dkt. No. 40.

For these reasons, the Court agrees that Petitioner has not demonstrated cause for his procedural default. Because Petitioner has not demonstrated cause, the Court need not reach the prejudice prong. *See Rosario v. Colvin*, No. 9:18-CV-0988, 2020 WL 360882, *4 (N.D.N.Y. Jan. 22, 2020) ("If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated") (citing *Murray*, 477 U.S. at 496) (additional citation omitted).

### 2. *Actual Innocence*

The actual innocence exception is often referred to as the fundamental miscarriage of justice exception. *See Rivas*, 687 F.3d at 540. "'[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted). A petitioner must

demonstrate, by clear and convincing evidence, that he is actually innocent, and must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 323-24 (1995) (holding that the "clear and convincing" standard applies to a miscarriage of justice inquiry, unless a petitioner "who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims[,]" in which case a less stringent standard applies).  In addition, a petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

In recommending that the Court reject Petitioner's actual innocence argument, Magistrate Judge Katz observes that Petitioner fails to point to any new evidence that would tend to exculpate him.  *See* Dkt. No. 37 at 17.  And, in his objections, Petitioner again fails to present any new evidence.  *See* Dkt. No. 40 at 1-3.  Throughout his submissions, Petitioner merely challenges the strength of the evidence presented at trial and argues, without substantiation, that prosecution witnesses lied under oath.  *See id.*; *see also* Dkt. No. 30 at 6-7.  Petitioner's showing falls short of the high burden placed upon a petitioner invoking the actual innocence exception to avoid a procedural bar to the consideration of the merits of his constitutional claims.

Accordingly, upon conducting the requisite *de novo* review, the Court adopts Magistrate Judge Katz's recommendation that Petitioner has failed to sufficiently allege a miscarriage of justice that would excuse his procedural default.  *See* Dkt. No. 37 at 16-18.

**E.      Certificate of Appealability**

Magistrate Judge Katz recommends that no certificate of appealability be issued by this Court. *See* Dkt. No. 37 at 18 n.5. Petitioner objects, contending that a certificate of appealability should be issued because he has made a "substantial showing of [the] denial of [a] constitutional right" as required by 28 U.S.C. § 2253(c)(2). Dkt. No. 40 at 3. Petitioner's objection to this portion of the R&R triggers *de novo* review.

"To be appealable, a district court's denial of a § 2254 habeas petition must be accompanied by a certificate of appealability from either the district court or a circuit judge or justice." *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (citing 28 U.S.C. § 2253(c)) (additional citation omitted). As here, "[w]here . . . the denial of the habeas petition is based upon procedural grounds, the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)) (emphasis in original). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. "In such a circumstance, no appeal would be warranted." *Id.*

For the reasons above, after careful consideration, the Court agrees with Magistrate Judge Katz that Petitioner's claims are procedurally barred. *See* Dkt. No. 37 at 18. Accordingly, the Court declines to issue a Certificate of Appealability in this matter.

## IV. CONCLUSION

After carefully reviewing the R&R, the parties' filings, the entire record in this matter, and the applicable law, the Court hereby

11

**ORDERS** that the R&R (Dkt. No. 37) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued in this case; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Respondent and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 4, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge